### KINSELLA v. GALLAHER.

(Supreme Court, Appellate Term. June 30, 1908.)

1. TRIAL—MOTION TO DISMISS COMPLAINT—EVIDENCE—EFFECT.

On motion to dismiss a complaint on plaintiff's testimony, such testimony is entitled, not only to belief, but to all favorable inferences that can reasonably be drawn therefrom.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 374.]

2. BREACH OF MARRIAGE PROMISE—EVIDENCE—TAKING CASE FROM JURY.

In a breach of marriage promise case, the court was not warranted in taking the case from the jury because of a letter written by plaintiff to defendant after the date of the alleged promise, and stating in effect that defendant was perfectly safe from matrimony, that when plaintiff married she would not thrust herself on the man, and that she would like defendant to feel safe to call without any matrimonial traps being set for him, etc.; such letter being evidence that should have been submitted with the other testimony as bearing on the credibility of plaintiff's testimony as to the promise of marriage, or as to her claim that she was always ready and willing to marry defendant, and had not released him from his promise.

Appeal from City Court of New York, Trial Term.

Action by Sadie Kinsella against Edward B. Gallaher. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Frank C. Mebane, for appellant.

Robertson Honey, for respondent.

PER CURIAM. The action is for breach of promise of marriage. At the end of plaintiff's case the complaint was dismissed. Plaintiff appeals.

At the opening of the trial the plaintiff's counsel was called upon to specify the date of the promise, and replied:

"On December 22, 1900, we specify the promise was made, and we rely on that."

As the complaint was dismissed on plaintiff's testimony alone, which consisted of her own and her brother's, such testimony is entitled, not only to belief, but to all favorable inferences that can reasonably be drawn therefrom. The plaintiff met defendant in 1898, and under promise of marriage was seduced by him. She had been a chaste woman previous to such seduction by defendant. She continued her illicit relations with defendant, under his repeated promise to marry her, until 1904, when he told her he would not marry her. Plaintiff has always been ready and willing to marry defendant since the making of such promise of marriage by defendant.

Notwithstanding the statement of plaintiff's counsel that plaintiff relies upon the promise made on December 22, 1900, the testimony, admitted without objection, shows that the promise was made in 1898, and repeatedly renewed in the interval between that year and 1904. The defendant's counsel claims that the testimony shows a conditional promise only, as defendant promised to marry her when he had enough money to live at the Hotel Majestic, and there is nothing to indicate that he has yet the means to do so. There is little merit in this contention, as the promise was repeatedly renewed without any such specific condition, and it has been specifically broken by defendant, who refuses, apparently, under any condition to marry the plaintiff.

The remarks of the court below indicate clearly that the evidence which influenced him in dismissing the complaint was a letter, written by plaintiff to defendant on September 13, 1904, nearly four years after the date of the promise of marriage specified by plaintiff's counsel as that relied upon by her, viz., December 22, 1900, and three or four months previous to the commencement of this action. In this letter plaintiff used this language:

"I assure you, you are perfectly safe from matrimony, as, when I marry, the man will want me very badly. I will not thrust myself upon him. I would like you to feel that you will find it safe to call without any matrimonial traps being set for you here, as they are at your office. Your great danger lies in your old maid stenographer marrying you. You are her last throw, as she is a desperate old maid. Now, dear heart, be a good darling, and write me."

It seems to us that this letter did not warrant the court in taking the case from the jury. It was a piece of evidence that should have been submitted, with the other testimony, to the consideration of the jury, to be weighed by them in its bearing upon the credibility of plaintiff's testimony as to the promise of marriage, or as to her claim that she has always been ready and willing to marry the defendant, and has not released him from his promise.

The judgment and order must be reversed, and a new trial granted, with costs to appellant to abide the event.